UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**WILLIE CHARLES SANDERS, JR.**,                    Case No. 2:12-CV-00279-KI

                    Petitioner,                    OPINION AND ORDER

        v.

**DON MILLS, Superintendent, Two Rivers**
**Corr. Institution**,

                    Respondent.


        Thomas J. Hester
        Assistant Federal Defender
        101 SW Main Street, Suite 1700
        Portland, OR 97204

            Attorney for Petitioner

        Mary H. Williams
        Deputy Attorney General


Page 1 - OPINION AND ORDER

Nick M. Kallstrom
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096

        Attorneys for Respondent

KING, Judge:

Petitioner Willie Charles Sanders, Jr., an inmate incarcerated at Two Rivers Correctional

Institution, brings this action, pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus.  For

the reasons set forth below, I deny the petition.

## FACTS

A jury convicted Sanders of one count of Attempted Murder, one count of Assault in the

First Degree and two counts of Burglary in the First Degree in July 2001.  The charges arose as a

result of an altercation between Sanders and his ex-girlfriend, Yvonne Jenkins.  Jenkins testified

at the trial that her relationship with Sanders had ended the previous year and she had obtained a

restraining order against him.  On January 7, 2001, Jenkins had accidentally allowed Sanders into

her apartment, believing him to be her neighbor.  When Jenkins told Sanders to leave, Sanders

grabbed a paring knife from the drain board in her kitchen and stabbed her in the throat.  Sanders

told her, "I just killed your friend, and I'm going to kill you, and then I'm going to kill your

family[.]"  Tr. 144.[1]  Jenkins felt blood squirting from her throat and she sought refuge behind a

bed in the apartment.  Sanders then reached across the bed with the knife and sliced the side of

Jenkins' face, from forehead to chin.  Sanders pulled the phone from the wall and directed

Jenkins to stay in the apartment.

_____

[1] I refer to the trial transcript as "Tr." and the sentencing transcript as "Sent. Tr."

Page 2 - OPINION AND ORDER

After Sanders left, Jenkins fled to a neighbor's apartment and the neighbor called the police. Jenkins told police that Sanders had stabbed her. Jenkins was taken to the trauma center at Oregon Health & Science University Hospital, and Sanders was arrested later that day.

The trauma surgeon who treated Jenkins testified at the trial that the puncture wound to Jenkins' neck had missed her carotid artery and trachea, that if either had been hit Jenkins could have died, and that she lost a "significant amount of blood" by the time she had arrived at OHSU. Tr. 98. While the knife slash across Jenkins' face was "superficial," since there was no nerve damage, she would always have a scar. The jury convicted Sanders of all four counts.

The judge sentenced Sanders on September 5, 2001. At the hearing, Jenkins testified that Sanders had called her home twice since he had been convicted; he had also written her a letter in which he expressed anger about her testifying at his trial. The judge departed upward and imposed a sentence of 130 months for the attempted murder conviction (from a 90-month mandatory minimum), which he made consecutive to 120 months for the assault conviction (also up from the 90-month mandatory minimum). The judge explained his decision to depart upward as follows:

> Departure for any one or all of the following reasons; [petitioner] in direct violation of restraining order signed by Judge Wyatt–continuing contact with victim since the trial–serious risk to victim. [Petitioner] was on supervision at the time of the current offense.

Ex. 101. In addition, the judge imposed 65-month presumptive sentences for the burglary convictions, to be served concurrently with each other but consecutively to the other sentences. In total, Sanders was ordered to 315 months' incarceration.

Page 3 - OPINION AND ORDER

Sanders appealed.  In his counseled brief to the Oregon Court of Appeals, Sanders argued the trial court violated state sentencing laws, specifically the "400-percent rule" which I describe below.  In his pro se brief, Sanders identified two additional assignments of error having to do with the state sentencing laws.

While Sanders' appeal was pending, the U.S. Supreme Court issued its decision in Blakely v. Washington, 542 U.S. 296 (2004).  Sanders then filed a supplemental brief in the Oregon Court of Appeals raising Blakely as an issue, arguing the trial court erred in departing upward on the attempted murder and assault charges, and in imposing consecutive sentences, based on judicial factfinding.  The Oregon Court of Appeals affirmed Sanders' convictions, but vacated the sentences and remanded for resentencing on the basis of Blakely.

Both Sanders and the State petitioned for review to the Oregon Supreme Court.  The Court denied Sanders' petition but accepted the State's petition; it vacated the Oregon Court of Appeals' decision and remanded for reconsideration in light of State v. Ramirez, 343 Or. 505, 173 P.3d 817 (2007), adh'd to as modified on recons., 344 Or. 195, 179 P.3d 673 (2008).  State v. Sanders, 345 Or. 316, 195 P.3d 63 (2008).  In Ramirez, the Oregon Court of Appeals erred in considering an unpreserved Blakely error when "the evidence on a sentencing factor is overwhelming."  343 Or. at 514.

Upon remand, the Oregon Court of Appeals explained the quandary with respect to Sanders' appeal as follows:

> The question on remand is whether we should exercise our Ailes [v. Portland Meadows, Inc., 312 Or. 376, 381-82, 823 P.2d 956 (1991)] discretion to correct the plain error committed with respect to the imposition of the departure sentences.  For the reasons that follow, we determine that we should not exercise our Ailes discretion.

Page 4 - OPINION AND ORDER

One factor to be considered under Ailes is the competing interests of the parties. In Ramirez, the court, weighing the competing interests of the parties, concluded that it would be an improper exercise of discretion to order resentencing based on judicial factfinding that the victim suffered a permanent injury, given "undisputed evidence in the record . . . that the victim lost her right eye as a result of being shot in the head." The court emphasized that, if there is "no legitimate debate" concerning the factual predicate for a sentence, the state's interest in avoiding unnecessary proceedings outweighs a defendant's interest in correcting the sentencing error.

In this case, the fact that the crimes occurred when the victim had a restraining order against defendant is beyond legitimate debate, as evidenced by statements made by the victim at trial and by defendant at sentencing. Because the trial court specifically found that that factor alone would support the imposition of the departure sentences, we conclude that the "interests of the parties" factor weighs so heavily against a remand for resentencing in this case that it is dispositive.

State v. Sanders, 226 Or. App. 131, 134, 203 P.3d 252 (2009) (internal citations omitted).

Accordingly, the court affirmed Sanders' convictions and sentence and declined to exercise its discretion to correct any unpreserved sentencing error under Blakely. The Oregon Supreme Court denied Sanders' petition for review.

In his pro se petition for post-conviction relief (PCR), Sanders alleged four ways in which his trial counsel was ineffective:[2] (1) he failed to request the jury be instructed on the lesser included offenses of Assault II and III; (2) he undertook an inadequate investigation; (3) he failed to object to the indictment; and (4) he failed to provide Sanders with the victim's medical records for six months. Sanders also alleged his appellate counsel was inadequate for not raising the issues Sanders had set forth in his pro se supplemental brief. Sanders finally alleged

_____

[2]Sanders' PCR counsel filed an amended PCR petition, too, but Sanders filed a motion to rely upon his initial pro se petition.

"Unconstitutionality of Sentence" and that the sentence was "in excess, or otherwise not in accordance with STATUTE by law[.]"  Ex. 138, at 5.  The PCR court denied Sanders' petition.

In Sanders' counseled appeal to the Oregon Court of Appeals, he pursued only one claim–that his attorney had provided inadequate assistance of counsel in failing to request that the jury be instructed on the lesser-included offenses of Assault II and III.  The State argued that trial counsel's choice not to ask for an instruction on lesser-included offenses was a reasonable one.

Sanders also filed a pro se brief identifying two additional assignments of error; the first was that his trial counsel was inadequate in failing to request that the jury be instructed that Assault is a lesser-included offense of Attempted Murder, and the second was that his sentence was in excess or not in accordance with the law.  With respect to the first assignment of error, the State pointed out Sanders failed to include the claim in his PCR petition.  As for the second assignment of error, to the extent Sanders' contention was that his sentence was illegal, the State argued his claim was not cognizable under Palmer v. State of Oregon, 318 Or. 352, 867 P.2d 1368 (1994) because Sanders could have and did raise the issue on direct appeal.  To the extent Sanders' claim was that his counsel was ineffective during sentencing, Sanders had failed to make that allegation in his PCR petition.  The Oregon Court of Appeals affirmed the PCR court's decision without opinion.  The Oregon Supreme Court denied review.

## LEGAL STANDARDS

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was (1) "contrary to, or involved an unreasonable application of, clearly-established federal law, as determined by the Supreme Court of the United

States" or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  The state court's findings of fact are presumed correct, and a petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

Section 2254(d) is a "'guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal.'"  Hibbler v. Benedetti, 693 F.3d 1140, 1148 (9ᵗʰ Cir. 2012) (quoting Harrington v. Richter, __ U.S. __, 131 S. Ct. 770, 786 (2011)) (other internal quotation omitted), cert. denied, 133 S. Ct. 1262 (2013).  "'[T]he question . . . is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable–a substantially higher threshold.'"  Id. at 1146 (quoting Schriro v. Landrigan, 550 U.S. 465, 473 (2007)).

## DISCUSSION

I.      Counseled Grounds for Relief

Sanders, in his counseled brief, seeks relief on two bases:  (1) he was sentenced 55 months longer than is permissible under clearly established Oregon law and federal due process; and (2) the upward departures, based on facts found by a judge, violated the Sixth Amendment.

A.      Third Ground for Relief

Sanders contends the sentencing judge violated the 400 percent rule.  That rule generally provides that "the maximum sentence which could be imposed for a series of consecutive sentences in which a maximum durational departure is justified for each of the sentences could be up to 400% of the primary sentence, but could never exceed 400%."  State v. Davis, 315 Or. 484, 493-94, 847 P.2d 834 (1993).  Sanders argues here the primary offense was attempted

murder.  He applies the sentencing regulations as follows:  the presumptive sentence for

attempted murder is 65 months; 400 percent of 65 months is 260 months.  Accordingly, the

sentence he received–315 months–is 55 months longer than is permitted by state law.  Sanders

then argues the state court's arbitrary disregard of state law and imposition of an unauthorized

sentence violated his due process rights, citing Ballard v. Estelle, 937 F.2d 453 (9th Cir. 1991).

Respondent contends Sanders failed to allege this claim in the amended petition pending

before me.  The only claim that mentions the 400 percent rule is ground three, which reads as

follows:

> **Ground Three:**  Six Amendment Right to a Speedy Trial Rights was
> violated, (See Trial Transcript P.21-38) as it enforced against the States through
> the Due Process Clause of the 14th Amend. as "one of the most basic rights
> preserved in the Const."

> **Supporting Facts:**  (See CV090916 Exhibits-10) (See Tr. Trans. P.21-38)
> Motions for a speedy trial was properly submitted as well as submission to the
> State to bring defendant to trial within 60-days and 90-days.  And accordingly
> Assault-One was the primary offense as with the proportionality of the offenses.
> The Court did not follow the statutes.  (See Pro-Se Supplemental Brief on Direct
> Appeals as well as the Blue Brief.  Sentences are concurrent when the Attempt
> Murder was merely incidental to the Assault.  400% Rule Violation and Shift-to-I-
> Rule established.

Am. Pet. 7.

Respondent is correct that Sanders' minimal mention of the 400 percent rule in ground

three makes it insufficiently alleged.  Nevertheless, Sanders filed his petition pro se, before he

was appointed counsel, and I would allow amendment of the petition to properly allege the claim.

Further, respondent is not prejudiced by my consideration of the claim.

Respondent separately argues the claim is procedurally defaulted.  Generally, a state

prisoner must exhaust all available state court remedies either on direct appeal or through

collateral proceedings before a federal court may consider granting habeas corpus relief.  28

U.S.C. § 2254(b)(1).  A state prisoner satisfies the exhaustion requirement by "fairly presenting"

his claim to the appropriate state courts at all appellate stages afforded under state law, including

a state supreme court with powers of discretionary review.  Baldwin v. Reese, 541 U.S. 27, 29

(2004); Casey v. Moore, 386 F.3d 896, 915-16 (9th Cir. 2004).

When a state prisoner fails to exhaust his federal claims in state court, and the state court

would now find the claims barred under applicable state rules, the federal claims are procedurally

defaulted.  O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999).  If a state prisoner procedurally

defaults on a claim in state court, a federal court will not review the claim unless the state

prisoner shows cause for the procedural default and actual prejudice from it, or that "failure to

consider the claims will result in a fundamental miscarriage of justice."  Wainwright v. Sykes,

433 U.S. 72, 87 (1977); Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Here, Sanders concedes that while his appointed appellate counsel raised the violation of

the 400 percent rule, counsel neglected to federalize the claim.  Br. in Support of Pet. 2 n.2.

Sanders points instead to his pro se appellate brief, in which he cited the Fourteenth Amendment

of the U.S. Constitution in the table of contents.  Ex. 104, at iii.  Sanders' reference to the

Fourteenth Amendment, without connecting it to the 400 percent rule, was insufficient to "fairly

present" the claim to the Oregon Court of Appeals.  Baldwin, 541 U.S. at 32.  Therefore, he

failed to exhaust this claim and has procedurally defaulted it.[3]  Furthermore, Sanders has failed to

---

[3]In any event, the claim is without merit because the "primary offense" was Assault in the
First Degree, as the offense "with the highest crime seriousness ranking."  OAR 213-003-
001(17); compare OAR 213-017-0002(3) with OAR 213-017-001 and OAR 213-004-0005(1)
(Assault I has crime-seriousness ranking of 10, while Attempted Murder has ranking of 9 –11 for
(continued...)

demonstrate cause and prejudice to excuse the procedural default, or that a miscarriage of justice

will occur if his claim is not considered.  This claim for relief is denied.

      B.    <u>Fourth Ground for Relief</u>

     Sanders argues that the upward departures based on judicial factfinding violated the Sixth

Amendment.  Although not entirely decipherable, the claim briefed by counsel appears to have

been raised by Sanders in ground four of the amended petition as follows:

> **Ground Four:**  Jurisdiction/Venue, Consecutive and Departure Sentences are
> unconstitutional as a 14th Amendment Due Process Clause Violation.  Judge did
> not have jurisdiction to impose defendants sentences under the Statutes or the
> Constitution.

> **Supporting Facts:**  This case arises from "one event', 'one date', 'caused one
> fairly superficial wound or harm' to 'one victim".  The excessive sentence
> involves a violation of the 8th Amendment and 14th Amendment Due Process
> Violation to the United States Constitution.  Medical report was withheld from
> defendant and not allowed to be introduced as evidence to the jury.  According to
> police report, the "Identification team arrived at the scene to take photo's and
> fingerprints", none was taken or presented in trial.  There was "No Physical
> Evidence" of any apartment period.

Am. Pet. 7-8.

     Respondent argues Sanders failed to preserve this claim at sentencing and, as a result,

based on Oregon Rule of Appellate Procedure (ORAP) 5.45, the Oregon Court of Appeals

declined to hear the merits of his claim.  Because ORAP 5.45 is an independent and adequate

state procedural rule, according to respondent, Sanders procedurally defaulted this ground for

relief.

_____

[3](...continued)
murder minus 2 for attempt).  The presumptive sentence for Assault I is 120 months and,
therefore, after applying the necessary calculations as described by Respondent, it becomes clear
the sentence did not violate the 400 percent rule.

Under the independent and adequate state rule doctrine, federal habeas review is

prohibited when a state court declined to address a defendant's federal claims because the

defendant failed to meet a state procedural requirement.  Wainwright v. Sykes, 433 U.S. 72, 81

(1977).  A state procedural rule constitutes an adequate procedural bar if it was "firmly

established and regularly followed" at the time the rule was applied by the state court.  Ford v.

Georgia, 498 U.S. 411, 424 (1991); Poland v. Stewart, 169 F.3d 573, 585 (9th Cir. 1999).

Once the state has pleaded the existence of an independent and adequate state procedural

ground as an affirmative defense, the burden shifts to the petitioner to place that defense in issue.

Bennett v. Mueller, 322 F.3d 573, 585-86 (9th Cir. 2003).  The petitioner may satisfy his burden

by asserting specific factual allegations demonstrating the inadequacy of the state procedure,

including citation to authority demonstrating the inconsistent application of the state rule at issue.

Id. at 586.  Once the petitioner has met this burden, the burden then shifts back to the state, and

the state bears the ultimate burden of proving the adequacy of the state procedural rule.  Id.

Under Oregon law, appellate review is governed by ORAP 5.45(1), which provides:

> No matter claimed as error will be considered on appeal unless the claimed error
> was preserved in the lower court and assigned as error in the opening brief . . .,
> provided that the appellate court may consider an error of law apparent on the
> record.

Such an error of law apparent on the face of the record is known as "plain error."  Ramirez, 343

Or. at 508 n.2; State v. Gornick, 340 Or. 160, 166, 130 P.3d 780 (2006).

Determining whether to review an unpreserved error involves a two-step process.

Ramirez, 343 Or. at 511-12; Gornick, 340 Or. at 166.  First, the appellate court must determine

whether the error:  (1) is one "of law;" (2) is obvious and not reasonably in dispute; and (3)

Page 11 - OPINION AND ORDER

appears on the face of the record.  Ailes v. Portland Meadows, Inc., 312 Or. 376, 381, 823 P.2d 956 (1991); Gornick, 340 Or. at 166.

Second, the state court must decide whether to exercise its discretion to consider the claim, taking into account

> the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way.

Ailes, 312 Or. at 382 n.6; Fults, 343 Or. at 522.

Here, Sanders did not object at his sentencing to the upward departures based on judicial factfinding.  The Oregon Court of Appeals initially believed it should exercise its discretion to review the unpreserved error, but the Oregon Supreme Court vacated that decision and remanded for reconsideration in light of Ramirez.

In Ramirez, the Oregon Supreme Court held the Oregon Court of Appeals improperly exercised its discretion to review a Blakley sentencing error because it must consider whether the state has "a significant interest in avoiding a second, unnecessary sentencing hearing."  343 Or. at 513.  Accordingly, where the court is able to conclude "no legitimate debate" exists that a jury would find the facts necessary to support an upward departure sentence, the state's interest in avoiding unnecessary proceedings outweighs the defendant's interest, and the court may not exercise its discretion to review an unreserved error.

The Oregon Court of Appeals, on remand here, found the existence of the victim's restraining order against Sanders "beyond legitimate debate," thus warranting the upward

departures and outweighing any need for the court to exercise its discretion to remand for re-sentencing.  Sanders, 226 Or. App. at 134.

Sanders argues that ORAP 5.45 is intertwined with federal law, and is not well-established or consistently applied, but the Ninth Circuit has recently rejected these very arguments in a factually identical case.  In Tatarinov v. Premo, 533 F. App'x 778 (9th Cir. July 18, 2013), the court examined a situation where the defendant's sentence was increased on the basis of judicial factfinding, in violation of the defendant's Sixth Amendment rights.  The defendant did not object at sentencing, but argued plain error to the Oregon Court of Appeals.  The Oregon Court of Appeals initially reversed and remanded for re-sentencing, but the Oregon Supreme Court reversed and remanded in light of Ramirez.  The Oregon Court of Appeals then declined to exercise its discretion under ORAP 5.45 after accounting for the fact that defendant had been involved in activities related to identity theft and forgery, which the defendant had not contested.

The Ninth Circuit affirmed the district court's denial of defendant's habeas petition.  Specifically, it held:

> The Oregon Court of Appeals rejected Tatarinov's claim based on its consideration of the equitable interests of the parties in his case, which is independent of federal law.  See Nitschke v. Bellevue, 680 F.3d 1105, 1108 (9th Cir. 2012) (holding that Oregon's plain error review is independent of state law).
>
> The Oregon plain error rule is also an "adequate" state ground because it is "firmly established and regularly followed."  Walker v. Martin, – U.S. –, 131 S. Ct. 1120, 1127 (2011) (quoting Beard v. Kindler, 558 U.S. 53, 60-61 (2009)).  The fact that Oregon clarified its rule while Tatarinov's case was on direct appeal does not render it inadequate.  See Kindler, 558 U.S. at 63-66 (Kennedy, J., concurring).  Even if the exact contours of the doctrine were not clarified until Ramirez, Tatarinov had no reasonable expectation that he could default his claim but still obtain review on appeal.

Page 13 - OPINION AND ORDER

533 F. App'x at *779.

Since the <u>Tatarinov</u> case is indistinguishable from the case at bar, and since the Ninth

Circuit rejected the very arguments Sanders makes here, I find Sanders has failed to establish that

ORAP 5.45(1) is not independent of federal law or is an inadequate state procedural rule.

Therefore, because Sanders' <u>Blakley</u> claim was rejected based on ORAP 5.45, Sanders' claim

has not been fairly presented to Oregon's highest court and his claim is procedurally defaulted.

Furthermore, Sanders has failed to demonstrate cause and prejudice to excuse the

procedural default, or that a miscarriage of justice will occur if his claim is not considered.  This

claim for relief is denied.

II.    <u>Pro Se Claims</u>

In his pro se amended petition, Sanders raises more claims than his counsel briefed.

Counsel "incorporated by reference" a pro se brief drafted by Sanders.  Br. in Supp. of Pet. 3.

However, under Local Rule 83-9(b), "[a] party represented by an attorney cannot appear or act

except through the attorney."  I did not grant Sanders leave to rely on a pro se brief, whether

submitted by his counsel or personally filed.

In any event, the first half of Sanders' pro se brief is directed to his <u>Blakley</u> claim, which I

deny for the reasons expressed above.  The second half of his pro se brief, while somewhat

incoherent, appears to identify four bases for relief.  The first–that his attempted murder

conviction was not supported by the evidence–is not included in the amended petition pending

before me and was never raised on direct appeal to the Oregon Court of Appeals.  <u>See</u> Exs. 103,

104, and 106.  The third–that the jury should have been instructed about the difference between

Attempted Murder and Assault I–was not raised on direct appeal or as a ground for relief in his

PCR petition.  See id. and Ex. 138.  The fourth–failure to allow the jury to examine the medical

report–was not raised on direct appeal or as a ground for relief in his PCR petition.  See id.  As a

result, Sanders has procedurally defaulted all three of these claims.  He has not demonstrated

cause and prejudice sufficient to excuse his default, nor has he demonstrated that a fundamental

miscarriage of justice will occur if this court fails to consider the defaulted claims.

     The second argument–that the jury should have been instructed on lesser-included

offenses of Assault II and III–was exhausted to the extent it is premised on an argument of

ineffective assistance of counsel.  However, the PCR court ruled as follows:

>     The defense was that petitioner didn't commit the crime.  It was then a
> strategy decision not to request a lesser included offense to a jury, of saying, he
> didn't do it, but if he did it, it's a less serious charge.
>
>     There's also no appropriate lesser included legally in this case, because the
> evidence was clear that the act was intentional.  There was absolutely nothing to
> show it was unintentional or a reckless act, regardless of who committed it.

Ex. 165, at 20-21.

     I conclude habeas relief is not warranted as to this ground for relief because Sanders

failed to sustain his burden of demonstrating that the state post-conviction court's rejection of

this claim is contrary to, or an unreasonable application of, clearly established federal law.  See

Lambert v. Blodgett, 393 F.3d 943, 970 n.16 (9th Cir. 2004) (petitioner bears burden of proving

his case).

     Any remaining unbriefed grounds for relief are denied because Sanders has either

procedurally defaulted them or because he failed to sustain his burden of demonstrating why he is

entitled to relief on those claims.  See Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004)

(petitioner bears burden of proving he is entitled to habeas relief); <u>Silva v. Woodford</u>, 279 F.3d 825, 835 (9th Cir. 2002).

## CONCLUSION

Based on the foregoing, petitioner's amended petition for writ of habeas corpus [6] is denied.  This proceeding is dismissed with prejudice.  Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability should be denied.  <u>See</u> 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this ____1st____ day of April, 2014.


 /s/ Garr M. King
Garr M. King
United States District Judge